UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FRED MINOR, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 16-cv-03027 |
| | : | |
| MICHAEL D. OVERMYER; and | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, | : | |
| Respondents. | : | |

**O P I N I O N**

**Petition for Writ of Habeas Corpus, ECF No. 1—Dismissed**
**Report and Recommendation, ECF No. 21—Approved and Adopted**

**Joseph F. Leeson, Jr.**                                                                                 **April 4, 2019**
**United States District Judge**

**I.**     **INTRODUCTION**

Petitioner Fred Minor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia Court of Common Pleas for aggravated assault, robbery, burglary, and possessing an instrument of crime. Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") recommending that Petitioner's petition for a writ of habeas corpus be dismissed with prejudice as time-barred by the one-year statute of limitations. Petitioner filed objections to the R&R. After de novo review, this Court overrules the objections, adopts the R&R, and dismisses the habeas petition.

**II.**     **LEGAL STANDARD**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Petitioner filed the instant petition for writ of habeas corpus on January 17, 2017, challenging his September 2, 2004 conviction in the Philadelphia Court of Common Pleas for aggravated assault, robbery, burglary, and possessing an instrument of crime. The Court adopts the R&R issued by Judge Rueter in its entirety and writes separately to address Petitioner's objections.[1] Petitioner objects specifically to three areas of the R&R where he alleges Judge Rueter abused his discretion and erred: (1) by not requiring compliance with Rule 5 of the Rules Governing Section 2254 Cases ("Habeas Rule 5"); (2) by determining that the petition for writ of habeas corpus was untimely and not subject to equitable tolling; and (3) by denying Petitioner's request for an evidentiary hearing. For the following reasons, the Court overrules all of Petitioner's objections.

---

[1] The Court notes a minor inconsistency in the state-court record regarding the date on which the jury found Petitioner guilty. The Philadelphia Court of Common Pleas Criminal Docket sheet lists September 3, 2004, as the date on which the jury found Petitioner guilty, but the state-court transcript included in the record indicates that the jury found Petitioner guilty a day before on September 2, 2004. Ultimately, the date on which the jury found Petitioner guilty is immaterial to the Court's calculations for purposes of calculating timeliness because the state-court judgment became final when Petitioner's direct appeal was discontinued at his request on March 30, 2005.

2
040319

**A. Rules Governing Section 2254 Cases**

Petitioner first argues that Judge Rueter abused his discretion and erred because he did not require compliance with the requirements of Habeas Rule 5. Among other items, Habeas Rule 5 requires that a respondent's answer to a petition for writ of habeas corpus address the allegations in the petition. R. Governing § 2254 Cases R. 5. Here, without addressing Petitioner's claims, Respondents argued that Petitioner's petition for writ of habeas corpus was time-barred and, in a footnote, requested an opportunity to supplement their response should Judge Rueter find it necessary to consider the claims.[2]

This objection ultimately concerns Respondents' answer, not Judge Rueter's R&R, and is not subject to de novo review. *See Abdullah v. Warden SCI Dall.*, No. 06-cv-3885, 2010 U.S. Dist. LEXIS 11049, at *8 (E.D. Pa. Feb. 9, 2010) ("Failure to strictly comply with Rule 5 is not an objection to the R&R and is not entitled to de novo review."). Regardless, Respondents' failure to comply with Rule 5 is immaterial because the petition for writ of habeas corpus is untimely, which the Court can determine from a review of the state-court records. A court need not address the merits of an untimely petition. *See Sistrunk v. Rozum*, 674 F.3d 181, 187 n.3 (3d Cir. 2012). Accordingly, this objection is overruled.

**B. Timeliness**

Petitioner next argues that Judge Rueter abused his discretion and erred when considering the timeliness of the Petition. Petitioner contends that rather than analyzing the state-court judgment under section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act (AEDPA), Judge Rueter should have granted relief to Petitioner from the judgment pursuant to

---

[2] This Court takes no position on whether a supplemental response would have been appropriate had the claims not been time-barred.

Federal Rule of Civil Procedure 60(b)(4). Then, based on that relief, Petitioner further argues for equitable tolling.[3] For the reasons below, these objections are overruled.

   1. **Federal Rule of Civil Procedure 60(b)**

Rule 60(b) allows a court in certain situations to relieve a party from a previous judgment or order of that court. A petitioner cannot use Rule 60(b) to challenge his state-court conviction in federal court. *See Mina v. Hogan*, 616 F. App'x 483, 483 (3d Cir. 2015). "Instead, any attempt to overturn his state-court conviction must be brought, if at all, in a habeas corpus petition." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Where a petitioner relies on Rule 60(b) to attack his state-court conviction, the Rule 60(b) motion must be treated like a petition for writ of habeas corpus. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The instant petition is therefore subject to the one-year time limitation in 28 U.S.C. 2244(d)(1). *See id.*

Petitioner's argument for relief from the state-court judgment under Rule 60(b)(4) is therefore without merit. For those reasons, Petitioner's objection based on Rule 60(b ) is overruled.

   2. **Equitable Tolling**

Petitioner also argues that Judge Rueter abused his discretion and erred in his application of the principles of equitable tolling. Instead of specifying specific parts of the report to which he

---

[3] Petitioner includes a section in his objections concerning statutory tolling. However, he does not specify which portion of the R&R concerning statutory tolling, if any, to which he objects. In an abundance of caution the Court reviewed, de novo, the section of the R&R where Judge Rueter analyzed whether statutory tolling is appropriate and agrees that Petitioner's habeas petition is not subject to it because each of his state collateral relief petitions were dismissed as untimely. *See Fahy v. Horn*, 240 F.3d 239, 243-44 (3d Cir. 2001) (holding that a federal habeas court must defer to the state's highest court when it rules on the timeliness of a collateral relief petition.

objects, however, Petitioner simply states the two-part test for equitable tolling and concludes that the "Commonwealth of Pennsylvania is misleading and preventing this timely [habeas petition] pursuant to a void judgment and [the] magistrate abuse[d] his discretion and err[ed] as a matter of law and constitution." Obj. ¶ 24, ECF No. 24. Petitioner does not further argue that the two-part test is satisfied or allege any extraordinary circumstances that prevented him from timely filing his habeas petition.

After applying de novo review, this Court agrees with Judge Rueter that Petitioner has "not shown that he has been pursing his rights diligently and that some extraordinary circumstance prevented timely filing." R&R 7, ECF No. 21. Therefore, this objection is overruled.

### C. Evidentiary Hearing

Lastly, Petitioner contends that Judge Rueter abused his discretion and erred by prematurely denying an evidentiary hearing. Citing 28 U.S.C. § 2254(e)(2)(b), he states that the facts underlying his petition for writ of habeas corpus would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense.

Section 2254(e)(2) limits the availability of evidentiary hearings on habeas corpus review. For a court to hold an evidentiary hearing, the petitioner must show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," *and* "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error,

no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

Even assuming—as asserted, that Petitioner can show that the facts underlying his petition for writ of habeas corpus are sufficient to establish that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense—Petitioner does not satisfy the first element of section 2254(e)(2). Besides the blanket assertion, Petitioner's argument for an evidentiary hearing is unclear and illogical. He argues that he challenges the sufficiency of the evidence in the state-court proceedings and that he is indigent. He also repeats the argument that the state-court judgment is not a valid court order. None of these assertions, however, address the narrow circumstances identified in section 2254(e)(2). Petitioner does not identify or show that his claim relies (1) on a new rule of constitutional law or (2) on a factual predicate that could not have been previously discovered through the exercise of due diligence.

Moreover, when a petition for writ of habeas corpus is barred by the one-year period of limitations an evidentiary hearing is only required if the petitioner was diligent in pursing his claims or was prevented in some extraordinary way from filing a timely petition. *See Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010); *Smith v. Smeal*, No. 09-2655, 2013 U.S. Dist. LEXIS 152725, at *1-5 n.1 (E.D. Pa. Oct. 24, 2013). Because it is clear from the petition and the objections to the R&R that neither of these conditions apply, an evidentiary hearing on untimeliness is not necessary. Therefore, this objection is overruled.

IV. **CONCLUSION**

After applying de novo review, this Court concludes that Judge Rueter correctly determined that the petition for writ of habeas corpus is time-barred. This Court therefore adopts the recommendation to dismiss the petition and concludes that there is no basis for the issuance

of a certificate of appealability because jurists of reason would not find it debatable that the procedural ruling is incorrect. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge